U.S Marshalls Office
U.S Marshall
10130 U.S. Courthouse
515 Rusk Street
Houston Tx 77208

United States District Court
Southern District of Texas
FILED

JAN 14 2000

MICHAEL N. MILBY CLERK

C 00 019

Complaint

Dear U.S. Marshall

This complaint is filed to you to have prison admin Arrested and Apprehended for cited Federal laws. that lead into cite Texas State Law to defend the complaintant,

On Dec. 17. 99 McConnell Unit texas Dept. of Criminal Justice Institutional Div. 3001 South Emily Drive Beeville, Tx 78102. was locked down to deprive the rights of privileges of the complaint Thomas C Davis Jr 342624 At the Beeville Tx address As to in cited <u>United States Code Annotated</u> 18 §242 Deprivation of rights under the color of law Because a prisoner Murdered a security award on the other side of the unit, Minimum custody are "no individual custody prisoner can get to Because of security won't permitted "3 bldg"

1.

## The Burden of Proof

So therefore in this instant case inasmuch(is) the only way prison admin could only have suspicion with evidence the prisoner that murdered that security was a gang member and prison record of that prisoner that murdered that security guard.(is) to implicate other prisoners to that murder of that security guard Prisoners at the McConnell Unit would have some type of gang related prison record to suspect with that type evidence. however that proof beyond a reasonable doubt is either expressly or impliedly commanded by any provision of the Constitution. The Bill of Rights, which in my view is made fully applicable to the States by the Fourteeth Amendment. see <u>Adamson v. California</u> 332 U.S. 46 71-75 67 S.Ct. 1672 1686-1688 91 L Ed 1903 (1947) <u>IN Re Winship</u> 90 S.ct. 1068. 1079 (1970).

Complaintant Thomas C Davis Jr Argues prison admin Have to have that evidence beyond a doubt to implicate prisoners to <u>Parties to offense</u> <u>Vernons Texas Code Annotated Penal</u> § 7.01

to lock the McConnell Unit finally down into a Institutional Lock down

Even the stabbing of a security officer 12-20-99 after 8 inmates broke out of their cells Minimum custody on the other side of the unit

Which security took control that situation with tear gas. Hand cuff all 8 prisoners moved them to Pre Hearing Detention for further investigations where all investigations are done in. and not in population. By TDCJ-ID disciplinary rules.

Which complainant being deprived other Rights and privileges Because McConnell Unit prison admin. won't comply to those investigation rules And have the McConnell Unit even lock down for investigation of Deprivation of rights under color of law <u>United States Code Annotated 18 § 242</u>

Prison admin. employees have intentionally deprive the rights and privileges Because prison admin. recklessness in the Deprivation of rights under color of law <u>United States Code Annotated to Obstruct Justice so the best ends of Justice can't be served United States Code Annotated; 18 § 1511 Obstruction of Justice</u>

Because furthermore we are inmates at the McConnell Unit we (the complaintant) is lock down in his cell deprived of rights and privileges. Because if we weren't inmates we would be lock in are cells in a Institutional lock down which bias prejudice attitude of Prison Admin.

The following prison admin employees are responsible for this Institution lock down at the McConnell Texas Dept of Criminal Just. Inst Div

prison admin employee(s) name(s) in violation of the law in this complaint And responsable for locking down the McConnell Unit with the prisoners all in there cells.

Mr Wayne Scott Executive Director of
T.D.C.J-ID
P.O. Box 99
Huntsville, Texas 77342-0099
Phone No (409)-294-2101
Fax No 409 294-2183

---

Gary Johnson Director of
TDCJ-ID
P.O. Box 99
Huntsville, Tx 77342-0099
Phone No (409)-294-2169
Fax No. 409-294-6325

Senior Warden Thomas Prasifka
McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102-9444
Phone No. (361) 362-2300
Fax No. 361 358-9295

Asst. Warden W. A. Hodge
McConnell Unit
3001 South Emily Drive
Beeville, Tx 78102-9444
Phone No?

Asst Warden Teal Simpson
McConnell Unit
3001 South Emily Drive
Beeville, Tx 78102-9444

Major Norris Jackson
McConnell Unit
3001 South Emily Drive
Beeville, Tx 78102-9444
Phone No?

I declare (state verify certify) under the penalty of perjury the foregoing is true and correct

Signed this the 22nd day of Dec 1999

*Thomas C Davis, Jr.*
Thomas C Davis, Jr. No 3412624
Texas Dept of Crim Just. Inst.
Div. McConnell Unit
3001 South Emily Drive
Beeville, Texas 08102-999

Evidence

a) General Population. Cell restriction for general population offenders may not exceed forty-five (45) days for any one disciplinary conviction. Offenders may receive consecutive terms of cell restriction for cumulative disciplinary convictions. At no time shall cell restriction exceed ninety (90) days from the date of the most recent conviction as the result of cumulative disciplinary convictions.

b) Special Management. Cell restriction for offenders assigned to special management may not exceed fifteen (15) days for any one disciplinary report. See Section III.C. for further procedural requirements relating to assessment of cell restriction for state jail offenders assigned to Special Management.

c) Offenders restricted to their cells shall not leave their cells except for medical reasons, showers meals, law library visits during non-work hours only, work, educational or vocational school or training, and visits (contact and non-contact).

d) Cell restriction does not involve restrictions on correspondence.

e) Offenders will not be allowed out-of-cell recreation. When an offender in the general population serves more than forty-five (45) continuous days of cell restriction, the offender will be allowed physical recreation out of his/her cell for a one-hour period every seven (7) days.

B. The following guidelines are intended to assist the disciplinary hearing officer in arriving at fair and appropriate sentences for offenders found guilty of disciplinary violations.

1. All disciplinary offenses have been assigned a level of seriousness. Each level of offenses carries maximum penalties which cannot be exceeded for that particular offense (see Section XIV.B, below). The penalties shall not exceed the established maximums.

2. The disciplinary hearing officer shall take into consideration the following factors. It is imperative for the disciplinary hearing officer to be as specific as possible when detailing the reasons for a particular punishment on the hearing record. The following are factors to be considered, but must be elaborated on to be case/offender specific.

   a. Nature and seriousness of the offense(s).

   b. Extent of injury to persons or damage to property caused by the offense(s).

   c. Offender's disciplinary record, including prior Disciplinary Reports for the same or similar offenses.

   d. Period of time since last rule violation.

II. **Pre-Hearing Detention (PHD)**

A. **Criteria**

An offender charged with, or suspected of, a disciplinary violation may be placed in PHD without notice or hearing only by the warden, assistant warden or their designee (lieutenant or above), and only if the offender falls into one of the following categories:

1. He/she is a current escape risk;

2. His/her presence in the population would create a threat to the physical safety of other offenders or staff; or

3. It is necessary to maintain the integrity of an investigation -i.e., to preserve the integrity of information either in the offender's possession or another offender's possession.

B. **Time Limits**

1. Whenever possible, the hearing shall be held within seventy-two (72) hours of the offender's placement in PHD. If the offender is not given a hearing within seventy-two (72) hours, the reason therefor shall be set forth in the record of the hearing.

2. If the offender has not had a disciplinary hearing within ten (10) days, he/she shall be released from PHD or immediately provided with a hearing pursuant to Section II of the Administrative Segregation Plan to determine if the criteria for security detention or protective custody are met.

3. In the case of PHD for the purpose of preserving the integrity of an investigation, the ten (10) day period may be extended for an additional ten (10) days if the warden certifies in writing that it is necessary to complete the investigation, specifying the reasons why. Only one such extension may be granted.

C. **Records**

1. Uniform written records must be kept of each offender placed in PHD to include: the offender's name and number; the date and time placed in PHD; the reason for placement (the criterion used and a brief reason for the confinement); the name of the official (lieutenant or above) authorizing placement; the date the offender is heard by the unit disciplinary hearing officer or the classification committee; the date the offender is released from PHD; and a review by the warden (or designee) within seventy-two (72) hours (including weekends and holidays) of the offender's placement in PHD. The foregoing is maintained on the PHD Log - Form I-188.

2. A Segregation Confinement Record must be completed on each offender placed in PHD. For more information about this recordkeeping requirement, see the Administrative Segregation Plan.

GR-106                              20                         Revised January, 1998

GR-106                               5                          Revised January, 1998

I-14182-12-99

LOCATION: McConnell Unit
7 Building

# PROGRESSIVE RELEASE SCHEDULE
## 30 DAY LOCKDOWN

ANY CONTINUED DISPLAY OF DISRUPTIVE BEHAVIOR(THREATS TO STAFF/INMATE), FLOODING OR BURNING IN CELLS, EXCESSIVE NOISE, AND ETC., WILL CAUSE THE POD OR AREA TO REVERT TO THE FIRST WEEK OF THE PROGRESSIVE RELEASE SCHEDULE. SHOULD ONLY A PORTION OF THE HOUSING AREA BE INVOLVED IN THE ADDITIONAL BEHAVIOR, THAT PARTICULAR AREA MAY BE RETURNED TO THE BEGINNING WEEK OF THE SCHEDULE.

| DATE | | SHOWERS | RECREATION | COMMISSARY | DINING | VISITS |
|---|---|---|---|---|---|---|
| | FIRST WEEK | | | | | |
| 12-18-19 | Weekend (1/2) | none | none | none | johnnies | none |
| 12-20 | Monday (3) | All | none | none | johnnies | none |
| 12-21 | Tuesday (4) | none | none | none | johnnies | none |
| 12-22 | Wednesday (5) | All | none | none | johnnies | none |
| 12-23 | Thursday (6) | none | none | none | johnnies | none |
| 12-24 | Friday (7) | All | none | none | johnnies | none |
| | SECOND WEEK | | | | | |
| 12-25/26 | Weekend (1/2) | none | none | none | johnnies | none |
| 12-27 | Monday (3) | All | none | none | johnnies | none |
| 12-28 | Tuesday (4) | none | none | none | Hot Lunch | none |
| 12-29 | Wednesday (5) | All | none | none | johnnies | none |
| 12-30 | Thursday (6) | none | none | none | johnnies | none |
| 12-31 | Friday (7) | All | none | $10.00 leg/hyg | johnnies | none |
| | THIRD WEEK | | | | | |
| 01-01/02 | Weekend (1/2) | none | none | none | sat: 2 hot meals / sun: johnnies | Allowed |
| 01-03 | Monday (3) | All | G pod | none | johnnies | none |
| 01-04 | Tuesday (4) | none | none | none | 2 hot meals | none |
| 01-05 | Wednesday (5) | All | H pod | none | johnnies | none |
| 01-06 | Thursday (6) | none | none | none | 2 hot meals | none |
| 01-07 | Friday (7) | All | I pod | $10.00 leg/hyg | johnnies | none |
| | FOURTH WEEK | | | | | |
| 01-08-09 | Weekend (1/2) | none | none | none | hot meal | Allowed |
| 01-10 | Monday (3) | All | G pod | none | hot meal | none |
| 01-11 | Tuesday (4) | none | none | none | hot meal | none |
| 01-12 | Wednesday (5) | All | H pod | none | hot meal | none |
| 01-13 | Thursday (6) | none | none | none | hot meal | none |
| 01-14 | Friday (7) | All | I pod | Regular Spend | hot meal | none |

SUMMARY: Due to the seriousness of an incident that occurred on December 17, 1999 The McConnell Unit Administration has deemed it necessary to place the entire unit on Institutional Lockdown.

\* week two (2) one hot lunch
\*\* week three (3), will be fed a hot lunch and supper three (3) days
\*\*\* week four (4), will be fed daily hot lunch and supper priviledges