United States District Court
Southern District of Tx
Corpus Christi Tx

United States District Court
Southern District of Texas
FILED
JAN 27 2000
MICHAEL N. MILBY, CLERK

Thomas Charles Davis Jr
  Plaintiff

vs.                                                Civil Action No. C-00-19

Wayne Scott Executive
Director of TDCJ-ID
                    Defendant(s)

Brief

Hon Judge of said Court

  Here Comes Plaintiff Thomas Charles Davis Jr in civil action No. H-78-CV-987 In the above cited civil action No. C-00-19 Plaintiffs wrist are crippling with arthritis, the type osteoarthritis that is even slightly crippling bending my fingers which is disabling the plaintiff and hampers the plaintiffs Access to the courts timely. Which hampers, Ready Access to the courts is a fundamental constitutional right." (FN 183) Ruiz v. Estelle 1115, 1152 (5th Cir 1982) (76)

  Plaintiff argues Executive Director Wayne Scott in his official, original capacity is responsible for enforcing the rules of TDCJ-ID and complying and enforcing federal laws upon all his employees along with his Director of Bureau of Classifications S.O. Woods, P.O. Box 99, Huntsville, Tx

(1)

6-

In the up most S.O.woods is culpinted in a conspiracy in using wrong procedures of not restoring good time credits with Executive director Wayne Scott

(1) An agreement, that is an agreement between two or more persons:

(2) to deprive a citizen of the United States of America of;

(3) a right guaranteed by the Constitutional and/or laws of the United States. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L Ed 1495 (1945)

An withholding this many/about 315 days of good time Plaintiff who has suffered a forfeited of good time that has not be restored Ruiz v Estelle 679 F.2d 1115 1141 (5th Cir 1982) 6.23 Failure to Ameliorate Over crowding when in fact federal law requires restoring of loss of good time" Ruiz v Estelle 679 F.2d 1115 1141 (5th Cir 1982) (FN 117) rather than damages for the deprivation of good-time credits. We think this this passage recognized as §1983 claim for using the wrong procedures Heck v Humphrey, 114 S.Ct. 2364, 2370 (1994) Edwards v Balisok, 117 S.Ct. 1584, 1587 (1997)

Plaintiff argues if theirs any state laws stopping restoring of forfeit good-time credits, that state law is in violation of the supremacy of cited federal laws

(2)

As in U.S. Constitution Article VI the supreme law of the land: and the judges in every state, shall be bound thereby. Anything in the Constitution or laws of any state to the contrary notwithstanding

The Federal Constitution is charter for all officials, federal and state. All those who wield the power of the sovereign must be equally obedient to its commands and faith in ensuring its protections. (FN 250) They take the same oath we do - to uphold and defend it (FN 251) Ruiz v. Estelle, 679 F2d 1115, 1163 (5th Cir 1982)

Plaintiff Argues he is being deprived of extra good time credits from Vernon's Annotated Civil Statutes Vol. 17 Art 6184 (Prison Management Act) Allows for the award of addition good-time to an emergency overcrowded situation (Act S.B 727)

Plaintiff in this instant case argues he was here during the overcrowding and now is been in the prison system for almost 18 yrs. And being deprived of Vernon's Annotated Civil Statutes Vol 17 Art 6184 (Prison Management Act SB 727) addition good-time Because using the wrong procedures, the deprivation of good-time credits Wolff v. McDonnell 94 S.Ct. 2963 2973 (1974) (2-4)

(3)

1. At the threshold is the issue whether under <u>Preiser v. Rodriquez</u>, 411 U.S. 475 93 S.ct 1827, 36 L Ed.2d 439 (1973), the validity of the procedures for May be considered in a civil rights suit brought under 42 U.S.C § 1983 rather than damages for the deprivation of good-time credits. We think this passage recognized a §1983 claim for using the wrong procedures <u>Edwards v. Balisok</u> 117 S.ct. 1584, 1587 (1997)

## Relief

(1) Plaintiff prays that any policy of TDCJ-ID and/or laws of the state of Texas be stricted, that stop the restoring of good time thats been forfeit, and not given back in 90 day of good behaver "good conduct" when prison odical use to restore all forfeit good time from disciplinary within 90 days

(2) That TDCJ-ID oblish all policies that deprive the Plaintiff of recieving all additional good-time credits from Prison Management Act SB 727 Vernons Annotated Civil Statutes Vol. 17 Art 6184 that stop the plaintiff in recieving said additional good-time credits From Prison Management Act SB 727 Vernons Annotated Civil Statutes Vol. 17 Act 6187/ state of Texas Law

4

(3) This court be very punitive for the Deprivation of Rights by United States Code Annotated 18 § 242 Towards the defendants for the deprivation of rights of federal laws And defendants be punished with a prison term as in United States Code Annotated 18 § 242 sugguest to stop any more violations of federal Laws

(4) Plaintiff be awarded one billon dollars in damages for violation of the plaintiffs rights And also be awared $1000.00 dollars a day for each day the plaintiffs rights have been violated by the defendants

(5) To be furthermore punitive towards the defendants enforce the defendants To pay all court costs because it was the defendants that violated the plaintiffs rights And the defendants fault that plaintiff had to being this litigation at the expense of tax payers

(5) Plaintiff also seeks any and other all relief entiled by law

I declare (state verify certify) under the penalty of perjury the foregoing is true and correct to the best of my knowledge

Signed this the ___25___ day of __Jan__ 2000

_Thomas C Davis, Jr._
Thomas C Davis, Jr. No. 342624
Texas Dept of Crim. Just.
Inst. Div MC Connell Unit
3001 South Emily Drive
Beeville Texas 78102-9999