CIVIL ACTION NO. C-00-19

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

---

United States District Court
Southern District of Texas
FILED

FEB - 4 2000

MICHAEL N. MILBY CLERK

---

THOMAS CHARLES DAVIS, Jr.,
                    Plaintiff,

Vs.

WAYNE SCOTT, Executive Director, Texas

Department of Criminal Justice

Institutional Division,

S.O. WOODS, Director, Bureau of Classification,

Texas Department Criminal Justice, Institutional

Division,
            Defendants.

---

ORIGINAL COMPLAINT

---

THOMAS CHARLES DAVIS, #342624
McConnell Unit
3001 So. Emily Dr.
Beeville, Texas - 78102

10.

```
           IN THE UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION
```

THOMAS CHARLES DAVIS, Jr., §
    Plaintiff, §
§
Vs. § CIVIL ACTION NO. C-00-19
§
WAYNE SCOTT, Executive Director §
of TDCJ-ID. §
S.O. WOODS, Director, Bureau of §
Classification, §
    Defendants. §

## ORIGINAL COMPLAINT

COMES NOW, Thomas Charles Davis, Jr, Plaintiff pro-se, in the above entitled and numbered civil action, and states that Plaintiff's wrist are crippling with arthritis, the type osteoarthritis that is even slightly crippling bending my fingers which is disabling the Plaintiff and hampers the Plaintiff's access to the Courts usual timely replies, which hampers, ready access to the Courts is a "fundamental constitutional right." (fn 183) RUIZ Vs. ESTELLE, 679 F2d 1115, 1153 (5th Cir.1982).

Plaintiff argues Executive Director Wayne Scott in his official capacity is responsible for enforcing the rules of TDCJ-ID and complying and enforcing federal laws upon all his employees along with his Director of Bureau of Classification, S.O. Woods. P.O. Box 99, Huntsville, Texas 77349.

In the upmost S.O. Woods is enjoined in a conspiracy in using wrong procedures of not restoring good time credits with executive director Wayne Scott.

(1) An agreement that is an agreement between two or more persons:

(2) To deprive a citizen of the United States of America of:

Plaintiff in this instant case argues he was here during the over crowding and now is been in the prison system for almost 18 years, and being deprived of Vernon's Annotated Civil Statute Vol. 17, Art. 6184 (prison management act S.B. 727) additional good time because using the wrong procedure, the deprivation of good time credits. <u>WOLFF Vs. McDONNELL</u>, 94 S.Ct. 2963, 2973 (1974)(Z-4).

At the threshold is the issue whether under <u>PREISER V. RODRIQUEZ</u>, 93 S.Ct. 1827 (1973), the validity of the procedures may be considered in a civil rights suit brought under 42 U.S.C. § 1983 rather than damages for the deprivation of good time credits. We think the passage recognized a § 1983 claim for using the wrong procedures <u>EDWARDS Vs. BALISOK</u>, 117 S.Ct. 1584, 1587 (1971).

## RELIEF

(1) Plaintiff Prays that any policy of TDCJ-ID and/or laws of the State of Texas be stricken that stop the restoring of good time thats been forfeited and not given back in 90 days of good behavior, "good conduct".

(2) That TDCJ-ID abolish all policies that deprive the Plaintiff of receiving all additional good time credits from Prison Management Act S.B.727 Vernon's Annotated Civil Statutes Vol. 17, Art. 6187/ State of Texas law.

(3) This Court be very punitive for the deprivation of rights by United States Code Annotated 18 U.S.C. §242, towards the defendants for the deprivation of rights of federal laws and defendants be punished with a prison term, "as in <u>UNITED STATES CODE ANNOTATED</u>, 18 U.S.C. § 242 suggest to stop any more violations

(3) a right guaranteed by the constitution and/or laws of the United States. <u>SCREWS Vs. U.S.</u>, 65 S.Ct. 1031 (1945).

And, withholding this many, <u>215</u> days, of good time.

Plaintiff who has suffered a forfeiture of good time that has not been restored. <u>RUIZ Vs estelle</u>, 679 F2d 1115, 1141 (5th Cir.1982) 6.23 Failure to ameliorate over crowding when in fact federal law requires restoring of lost good time, <u>RUIZ Vs. ESTELLE</u>, supra, (fn 117) rather than damages for the deprivation of good time credits we think that this passage recognized a §1983 claim for using the wrong procedures <u>HECK Vs. HUMPHREY</u>, 114 S.Ct. 2364 2370 (1994); <u>EDWARDS Vs. BALISOK</u>, 117 S.Ct 1584 1587 (1997).

Plaintiff argues if there is any state laws stopping restoring of forfeited good time credits, that state law is in violation of the supremacy of cited federal laws as in <u>U.S. CONSTITUTION, Art. VI</u>, the supreme law of the land: All judges in every state shall be bound thereby. Anything in the constitution or laws of any state to the contrary, notwithstanding.

The federal constitution is charter for all officials, federal and state. All those who wield the power of the sovereign must be equally obedient to its commands and faith in ensuring its protections (fn 250). They take the same oath we do - to uphold and defend it (fn 251) <u>RUIZ Vs. ESTELLE</u>, supra at 1163 (5th Cir.1982).

Plaintiff argues he is being deprived of extra good time credits from Vernnon's Annotated Civil Statutes, Vol. 17, Art. 6184 (prison management act) allows for the award of additional good time to an emergency over crowed situation (art. S.B. 727) Plaintiff never received.

of federal laws.

(4) Plaintiff be awarded one billion dollars in damages for violation of the Plaintiff's rights and also be awarded $1000.00 dollars a day for each day the Plaintiff's rights have been violated by the defendants.

(5) To be furthermore punitive towards the defendants and enforce the defendants to pay all court cost because it was the defendants that violated the plaintiff's rights and the defendant's fault that Plaintiff had to bring this litigation at the expense of Tax payers.

(6) Plaintiff also seeks any and other all relief entitled by law.

I declare (state, verify, certify) under penalty of perjury the foregoing is true and correct to the best of my knowledge.

SIGNED THIS THE __28__ DAY OF __Jan._____, 2000.

Respectfully submitted,

*Thomas C Davis jr*
Thomas C. Davis, Jr. #342624
McConnell Unit
3001 So. Emily Dr.
Beeville, Texas - 78102 -9999

-4-