Clerk,
U.S. District Court
Southern District of TX
Corpus Christi Div.
521 Starr Street rm 101
Corpus Christi TX 18401

United States District Court
Southern District of Texas
FILED
FEB 14 2000
MICHAEL N. MILBY CLERK

Re: Davis v. Scott civil action no C-00-19

Dear Clerk:

I'm one of the orginal plaintiffs in Ruiz v. Scott civil action no. H-78-CV-987 as a individual member of the class may assert any equitable or declaratory claims Gillespie v. Crawford, 858 F.2d 1101 1103 (5th Cir 1988) Plaintiff of Ruiz v. Scott, civil action no. H-78-CV-987 leaves this civil action for declaratory relief as in cited Gillespie v. Crawford supra Plaintiff argues, since his suit is of violations of Ruiz Amended Decree supra Plaintill seeks mercy of this court to transfer Davis v. Scott civil action no C-00-19 to. The Ruiz Amended Decree H-78-CV-987 of Chief Justice William Wayne Justice court US District Court, Southern District of TX Houston Div. "Because the violations of Ruiz v Scott H-78-CV-987 as in the 3-1-99 hearing Plaintiffs wrist are crippling along with fingers slightly crippling so that hampers the plaintiff not able to properly defend himself properly with out the

18.

assistance of court appointed counsel. Because the plaintiff has that bone joint disease destroying this bone joints. The name of disease is osteoarthritis

The Ruiz court has always been protective towards the plaintiff(s) Please have mercy upon my request and grant court appointed atty at the expense of the defendants. Because it was the defendant that callously arbitrary violates the plaintiff(s) rights Other relief Plaintiff seeks this court grant Davis V Scott civil action no C-00-19 be transferred to the Ruiz Amended Decree Court H-78-CV-987 Defendents are with-holding forfeited good-time credits and refusing to give back the good-time

Plaintiff in Davis V Scott civil action no C-00-19 is request to amend to this civil action of others violation of plaintiff's rights, presented(s) by defendants With a Extension of 180 days so this crippled plaintiff with court appointed atty. Can submit to more pleaings even in as much prison doctors has even intentionally denying medical care Ruiz V. Estelle 503 F. Supp 1265, 1328 (1980) {13} B of callous failure or refusal to render treatment have been held to meet the standard Hurst V Phelps 579 F 2d 940 (5th Cir 1978)

## The Chill To The Right To Petition

Plaintiffs access to courts is being obstructed by defendants grievance procedures. By permitting only one grievance or wk to be permitted to be filed through the unit grievance procedures and permitted not to attach any legal allegations attachments Legal attachments is called callously arbitrary "excessive attachments" Which is regulation and practices that consistently obstruct such access are invalid Ruiz v. Estelle 679 F 2d 1115 1153 (1982) 183 VII Due Process Issues 7.1 Access to Courts

### A prisoners right of petition

A citizens right of access to courts cannot be impaired eighter directly or indirectly. See In re Workers Compensation Refund 46 F 3d 813 822 (8th Cir 1995) The right of meaningful access to courts extends to established prison grievance procedures Bradly v. Hall 64 F 3d 1276 1279 (9th Cir 1989) Thus "(a)" prisoners right to meaningful access to the courts along with the broader right to petition the government for redress of grievance under the First Amendment

precludes prison authorities penalizing prisoner for exercising those rights <u>Bradly</u> 64 F.3d at 1279 <u>Hancock v. Thalacker</u>, 933 F. Supp 1449 1482 (N.D. Iowa 1996) defendents through prison rules will process the plaintiff through disciplinary procedures for filing more then one grievance a week

Plaintiff in this instant case argues he's assigned to a job assignment Utility So d that ain't contraindicated for his medical condition. When in fact a system to assure that no prisoner is assigned to do work that is contraindicated for his medical condition <u>Ruiz v. Estelle</u> 679 F.2d. 1115 1166 (1982) Which assigning plaintiff to work that ain't contraindicated for his medical condition is.

B. Cruel and Unusual Punishment

13.4) Cruel and unusual punishment encompasses (1) deliberate indifference to serious medical needs, and (2) compelled labor beyond an inmates physical capacity. that is labor which is (a) beyond the inmates strength (b) dangerous to his or her life or health or (c) unduly painful <u>Cast v. Lemons</u> 768 F.2d 1001 (8th Cir. 1985)

<u>Ray v Mabry</u>, 556 F.2d 881, 882 (8th Cir 1977)

I declare (state verily certify) under the penalty of perjury the foregoing is true and correct to the best of my knowledge

Signed this the _____ day of Feb 2000

Thomas Charles Davis, Jr
McConnell Unit
3001 South Emily Drive
Beeville Tx 78102-9999