United States District Court
Southern District of Texas
Corpus Christi, Tx

United States District Court
Southern District of Texas
FILED

FEB 18 2000

Michael N. Milby, Clerk

Thomas Charles Davis, Jr.
    Plaintiff

vs.

Wayne Scott Executive
Director of TDCJ-ID
    Defendants

Civil Action No. C-00-19

To Hon. Judge of said Court: **Brief**

Here Comes the plaintiff in above styled civil action no. and in this instant case argues how his rights and privileges are being violated by the defendants

### Chilled Access To Courts

Plaintiff's access to the courts is being arbitrary obstructed through the grievance procedures of defendants retaliative measures, "excessive attachments" the defendants call it if the Plaintiff attachs extra legal litigation to grievance, to argue how his civil rights been violated by defendants. Which inasmuch in this instant case, the defendants even hamper restrict arbitrary from excessivly redress his grievances to the courts

(1)

"which this is restrictive" Ready access to the courts is a "fundamental constitutional right" <u>Ruiz V. Estelle</u> 679 F.2d 1115 1153 (5th Cir 1982)(76) VII Due Process Issues (FN 183)

7.1 Access to Courts which is Regulations, practices are invalid. these Regulations and practices that are unjustifiably obstruct such access are invalid <u>Ruiz V. Estelle</u> 679 F.2d 1115, 1153 (5th Cir 1982)(FN 184 VII Due Process Issues 7.1 Access to courts.

which Access to courts entails not only freedom to file pleadings but also freedom to employ, without retaliation or harassment, <u>Ruiz V. Estelle</u> 679 F.2d 1115, 1153 (5th Cir 1982)[78] {FN 185} VII Due Process Issues 7.1 Access to Courts

Plaintiff argues. A prisoner's right of petition. A citizen's right of access to the courts cannot be impaired, either directly or indirectly See e.g., <u>In re Workers' Compensation Refund</u> 46 F.3d 813, 822 (8th Cir 1995) The right of meaningful access to the courts extends to established prison grievance procedures <u>Bradley v. Hall</u>, 64 F.3d 1276 1279 (9th Cir 1995) <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 1138 (9th Cir 1989) Plaintiff in the upmost, inasmuch has already been penalized Chilling of his first amendment right, limited to only permitted in filling one grievance per wk.

(2)

The state may not burden this right with practices that are not reasonably related to legitimate penological objectives. Turner, 482 U.S. at 85, 89 107 S.Ct at 2260-61 Nor act with the intent of chilling that First Amendment right right Wildberger v. Bracknell, 869 F 2d 1467 1468 (11th Cir 1989)

Plaintiff also argues the restrictive rationing of indigent supplies typing paper ink pens carbon envelopes who postage, envelopes is done by S. Edmin (Law library) the librarian II, TDCJ-ID, McConnell Unit, 3001 South Emily Drive, Beeville, Texas 78102-9999. Plaintiff inasmuch in this instant case will show this court how the plaintiffs rights and privileges are being violated by this rationing restrictive means and apply as in this privilege take through rationing applied as in Wolff v McDonnell 418 U.S. 539, 552 94 S.Ct 2963, 2973 (1974) Additional procedures have been devised by the complex governing the action of the adjust committee base on the testimony, the District Court found 342 F.Supp at 625-626 that the following procedure were ~~████~~ in effect when an inmate is written up or charged with a prison violation:

(A) The Chief correction supervisor reviews the write-up on the inmates by officers of the complex daily.

(3)

(553)(B) the convict is called to a conference with the chief correction supervisor and charging party:

(C) following the Adjustment committee:

(D) there follows a hearing before the adjustment committee and the report is read to the inmate and discussed.

(E) if the inmate denies charge he ask questions of the party writing him up:

(F) the Adjustment committee can conduct additional investigations if it desires:

(G) punishment is "imposed"

Plaintiff argues thats whanal restrictive measures are imposed and not by the arbitrary callous-reckless conduct of S. Enrulin, 5 general purpose envelopes wkly, 5 or 10 white indigent envelopes wkly for legal ever restrictive rationing of carbon paper, ink pens, writ envelopes postage And those restrictive measures are not restrictive items to any disciplinary court that S. Enrulin has and is in Deprivation of Rights by color of law United States Code Annotated 18 §242 To obstruct Justice, United States Code Annotated 18 §1511 in Ruiz v. Estelle H-78-cv-987 Because all

(4)

restrictive measure are through the disciplinary court in <u>Ruiz v Estelle</u> H-78-CV-987, and cited <u>Wolff v. McDonnell</u> pg 3 & 4 of this brief

Plaintiff argues inasmuch in this instant case the ration of paper per wk 150-200 sheets a wk! 5 white general envelopes, and no more then 10 white legal envelopes wkly. 20 sheets writ envelopes are even ration, see addressed rationing on pg 3 & 4 of this brief Plaintiff is even rationed 5 general postage stamps a wk. all paper ration.

Plaintiff states inasmuch Mr. Frank Hoke, Mgr of access to courts, 1036 11th Street, Huntsville, Tx 77320 has taken a privelege the writ envelopes back to the cell keep these writ envelopes handy" in the cell. Plaintiff argues Defendant Frank Hoke very speedi. to take privelege(s) in the deprivation of rights 18 <u>United States Code Annotated</u> §242 in taken priveleges in this brief is addressed as all privileges are taken by disciplinary court. As in cited <u>Wolff v McDonnell</u> pg 3 & 4 of this brief. that, how privileges are taken An not by the callous arbitrariness reckless conduct of Frank Hoke in violation of cited federal laws on pg 3 & 4 of this brief <u>Wolff v McDonnell</u> Plaintiff argues this is unjustified harrassment not to let the plaintiff keep those writ envelopes in plaintiffs cell so can have handy to his litigation to the courts

(5)

freedom to employ, without retaliation or harassment [FN 185] Ruiz v Estelle, 679 F.2d 1115, 1153 (1982) (76)(77)(78)

VII Due Process Issues 7.1 Access to Courts

An since Sabas Encinia has the law library closed Sunday and Mondays. An not open 7 days a wk like the Michael Unit law library P.O. Box 4500 Tennessee Colony, It is obstruction to ready access to courts. Which Regulations and practices that unjustifiably obstruct such access are invalid [FN 184] Ruiz v Estelle, 679 F.2d 1115, 1153 (1982) (77) VII Due Process Issues 7.1 Access to Courts Plaintiff argues the McConnell Unit law library not being open 7 days a wk interferes with Access to courts entails not only freedom to file pleadings but also freedom freedom to employ, without retaliation or harassment [FN 185] Ruiz v. Estelle, 679 F.2d 1115, 1153 (1982) VII Due Process Issues

Sabas Encinca carries out the taken privilege of plaintiff take writ envelopes from indigent supplies. Back to the cell to keep handy for ready access to courts. So if plaintiff can't have the writ envelopes for any petitions that have to go out on days that ain't a schedule indigent supply day. Which this take privilege on pg 3

(6)

Defendants took the privilege of being in the cell with the same raced inmate so plaintiff can't be in the cell with the same raced inmate. This take privilege ain't a listed by any disciplenary court. that can be take. An all priveleges and restrictive means are done by disceplinary court and how all priveleges taken see <u>Wolff v. M<sup>c</sup>Donnell</u> pas 3 & 4 of this brief

## Relief

(1) This court enfore defendant to oblish all polcy prison regulations that won't permitt plaintiff to be celled with the same raced inmate as plaintiff

Plaintiff argues the asst directors unknown names of food Service P.O. Box 99 Huntsville Tx is responsible in having restrictive rationing of all foods towards the plaintiff Through Mc Connell Unit food Service dept prison employees Gilbert Pena Jr and Andy Encinia 3001 South Emily Drive, Beeville Tx. Are ration food restrictive rationing with assistance of other food service prison employees at the McConnell Unit of one meat, two hot ~~hot~~ dogs when served during feeding time one egg for breakfast when served restrictive serving of all foods milk sugar when served at feeding time.

Plaintiff argues all restrictive means are done by diciplinary court as in <u>Wolff v McDonnell</u> pgs 3&4 of this brief Where restrictive are done to deprive plaintiff of his previleges for violation of prison ~~████~~ rules An not by the reckless arbitrary, callousless of prison employees An food isn't a restrictive item by any disciplinary court.

Further restrictive means of defendant Ronnie Zeller Mgr of Interstate Corrections Compact P.O. Box 99 Huntsvill Tx

(8)

Refuse to utilize the Interstate Corrections Compact for humanitrian reason. Which has taken a privilege ~~taken~~ from the plaintiff Which all privileges ar taken by disciplinary court and not through the callous arbitrary recklessness of the Mgr of the ~~Insta~~ Interstate Corrections compact not utilizing the Compact for humanitrian reasons Which Rexene Zellee has taken a privilege was taken because defendant refuses to use said Compact for humanitrian reasons Which priveleges and restrictive measures are done by disciplinary court <u>Wolff v McConnell</u> pgs 3 & 4 of this brief for violation of prison rules Plaintiff states being restricted from the Interstate Corrections Compack a taken privelege Thats not listed by any disciplinary court a items that can be taken So plaintiff won't be put through the Interstate Correction Compact ~~to~~ Virginia prison ~~system~~ To the state where the plaintiff is from

(9)

(1½) Plaintiff seeks relief entitled by law and enforce defendants take restrictive means off of the grievance procedures so grievances can be filed excessively to redress the gov in excessive complaints of the 1st Amend U.S. Const.

(2) Any and all original relief requested and enforce defendants to put the plaintiff promptly through the Interstate Corrections Compact Back to home state of Virginia to the Virginia State Prison system Richmond, Virginia to do his Texas sentence

(3) Enforce the defendants take restrictive rationing off all foods, milk sugar meats veg. chesse, dry cereal so prisoner can have all the food and sugar to eat and all the milk prisoner wants to drink

Signed this the ___11th___ day of Feb 2000

Plaintiff Thomas C Davis Jr no 342624
Texas Dept of Crim Just
Inst Div MC Connell Unit
3001 South Emily Drive
Beeville, Tx 78102-9999

(10)