United States District Court
Southern District of Texas
ENTERED
MAR - 1 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THOMAS C. DAVIS, JR. § | |
| § | |
| VS. § | C.A. NO. C-00-19 |
| § | |
| WAYNE SCOTT, ET AL. § | |

**ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND REQUIRING THE PAYMENT OF THE FILING FEE WITHIN THIRTY DAYS**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action on January 14, 2000, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Specifically, he alleges that the defendant has impeded his access to the courts, failed to grant him good time credits, and failed to restore good time credits he had earned in the past.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).

Plaintiff, while incarcerated, has had at least three proceedings dismissed as frivolous, malicious, or for failure to state a claim:


(1) <u>Davis v. Collins, et al.</u>, C.A. No. 6:92-308 (E.D. Tex., Tyler Division, March 29, 1992) (dismissed as frivolous);

(2) <u>Davis v. Clinton</u>, C.A. No. 6:98-560 (E.D. Tex., Tyler Division, October 19, 1998) (dismissed as frivolous);

(3) <u>Davis v. Collins, et al.</u>, No. 97-41453 (Appeal to the Fifth Circuit, February 10, 1999) (dismissed as frivolous);

(4) <u>Davis v. Clinton</u>, No. 98-41438 (Appeal to the Fifth Circuit, June 17, 1999) (dismissed as frivolous and ifp status revoked).

The statutory prohibition against ifp status in such circumstances applies to prisoners whose suit was filed prior to or after the enactment of the PLRA. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 386 (5th Cir. 1996) (finding that application of 28 U.S.C. § 1915(g) to pending appeals does not raise retroactivity concerns). The effect of the "three-strikes rule," by which § 1915(g) is known, is to *revoke* a prisoner's *in forma pauperis* status. <u>Id.</u> at 385. The revocation is effective even in an on-going matter. <u>See</u> <u>Arvie v. Lastrapes</u>, 106 F.3d 1230 (5th Cir. 1997) (finding that appeal could not proceed ifp if prior dismissals occurred while appellant was incarcerated).

In his complaint, plaintiff alleges various constitutional violations. There is no allegation, however, of any imminent danger of serious physical injury to plaintiff. Accordingly,

2

plaintiff's *in forma pauperis* status is revoked pursuant to 28 U.S.C. § 1915(g). Plaintiff may pay the $150 filing fee within thirty days of the date of this order. Failure to pay the full filing fee within the time allowed may result in dismissal of this action for want of prosecution. Plaintiff is ORDERED not to file further pleadings or motions unless such pleadings or motions are accompanied by the $150 filing fee.

ORDERED this 29 day of February, 2000.

JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

3