IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

THOMAS CHARLES DAVIS, JR. §
　§
V. § C.A. NO. C-00-019
　§
WAYNE SCOTT, ET AL. §

## ORDER OF DISMISSAL

Plaintiff is an inmate currently incarcerated at the McConnell Unit, Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") in Beeville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint (D.E. 1) under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights.

By order of reference entered March 7, 2000, (D.E. 51), this case was referred to the undersigned to conduct all further proceedings, including entry of final judgment. 28 U.S.C. § 636(c). For the reasons discussed below, plaintiff's claims are dismissed for want of prosecution, Fed. R. Civ. P. 41(b), and for failure to comply with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

### I. JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

Plaintiff filed his original complaint on January 14, 2000. He filed six amended complaints (D.E. 4; D.E. 10; D.E. 20; D.E. 23; D.E. 30; D.E. 32). The Court allowed plaintiff to amend his complaint twice. The remaining complaints were struck because plaintiff failed to obtain permission for the amendments from the Court. D.E. 35, striking D.E. 20 and D.E. 23; D.E. 45, striking D.E. 30 and D.E. 32. Plaintiff's amended complaint (D.E. 10) alleges that defendants follow disciplinary policies which violate his due process rights and which prohibit him from receiving good time credits. He seeks one billion dollars in damages.

Plaintiff filed an application to proceed *in forma pauperis* ("ifp") (D.E. 15), and an order of collection was entered (D.E. 16). However, on February 29, 2000, the Court revoked plaintiff's ifp status under the PLRA's three strikes provision (D.E. 46). The Court noted that plaintiff had three qualifying dismissals under the three strikes rule[1] and determined that the facts alleged by plaintiff in his complaint failed to establish that he was under imminent danger of physical harm. Because he

---

[1] Plaintiff does not dispute that he has filed the following cases which have been dismissed as frivolous: (1) Davis v. Collins, et al., C.A. No. 6:92-308 (E.D. Tex., Tyler Division, March 29, 1992) (dismissed as frivolous); (2) Davis v. Clinton, C.A. No. 6:98-560 (E.D. Tex., Tyler Division, October 19, 1998) (dismissed as frivolous); (3) Davis v. Collins, et al., No. 97-41453 (Appeal to the Fifth Circuit, February 10, 1999) (dismissed as frivolous); (4) Davis v. Clinton, No. 98-41438 (Appeal to the Fifth Circuit, June 17, 1999) (dismissed as frivolous and ifp status revoked).

2

was not eligible under 1915(g) to proceed as a pauper, plaintiff was ordered to pay the filing fee within thirty days.

To date, plaintiff has not paid the filing fee. Instead, on March 13, 2000, plaintiff filed two motions for rehearing of his eligibility to proceed as a pauper (D.E. 52 and 53) wherein he contends that his previous strikes are illegal and without merit because one of the cases was filed before the PLRA was enacted. He also argues that he has proven that he is in imminent danger according to § 1915(g). In addition to these motions, plaintiff filed a request for an extension of time to respond by amending his complaint (D.E. 50).

### III.  DISCUSSION

#### A.  Three Strikes/ Failure to Prosecute

Under the three strikes rule of the PLRA, a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited by federal law from bringing any more actions or appeals *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385 (5th Cir. 1996). The statutory prohibition against ifp status in such circumstances applies to prisoners whose suit was filed prior to or after the enactment of the PLRA. See <u>Adepegba</u>, 103 F.3d at 386 (finding that application of 28 U.S.C. § 1915(g)

3

to pending appeals does not raise retroactivity concerns). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id. The time for determining whether a prisoner meets the statutory exception to the three strikes rule is when he seeks to file his complaint or notice of appeal as a pauper. Baños v. O'Guin, 144 F.3d 883 (5th Cir. 1998).

Plaintiff fails to meet the Baños test. At the time he sought to proceed ifp, plaintiff failed to show that he was under imminent danger of physical harm. Plaintiff's complaint alleges only that the disciplinary procedures used by the prison prohibit him from earning good time credits. He neither alleges nor establishes any physical harm or threat of physical harm to him. The Court therefore dismisses plaintiff's complaint.

B. **Motion to Amend Complaint**

Furthermore, plaintiff's motion for an extension of time is denied. Plaintiff seeks an extension of time in which to amend his complaint on the basis that his osteoarthritis makes it difficult to write. The Court notes, however, that plaintiff has filed over 30 pleadings in this case in the past two months, including five amended complaints. Plaintiff apparently has no difficulty preparing pleadings within the time allotted by the Court, and has had several opportunities to notify the Court of his concerns.

4

## IV. CONCLUSION

Plaintiff has failed to pay the filing fee or show that he is under imminent danger of physical injury such that he falls within the statutory exception to the three strikes rule, 28 U.S.C. § 1915(g). Accordingly, plaintiff's complaint is dismissed for want of prosecution, Fed. R. Civ. P. 41(b), and for failure to comply with the PLRA, 28 U.S.C. § 1915(g).

Further, plaintiff's motion for an extension of time in which to file an amended complaint is denied.

ORDERED this __4__ day of __April__, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

5